IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER DALE CARTER, (TDCJ #1592078) | § § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0800 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

Roger Dale Carter, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2009 state-court convictions for burglary of a habitation and credit card abuse. (Docket Entry No. 1). Carter also filed a memorandum in support of his petition. (Docket Entry No. 2). The respondent, Lorie Davis, moves for summary judgment on the ground that the petition is barred by the one-year statute of limitations or that Carter's claims are unexhausted and procedurally barred. (Docket Entry No. 16). Carter has not responded.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

### I.   Background and Claims

Carter pleaded guilty to two counts of credit-card abuse and one count of burglary of a habitation in Cause Numbers 09-03-02827-CR and 09-03-02825-CR, pending in Montgomery County, Texas. In July 2009, after a presentence investigation and punishment hearing, the trial

court sentenced Carter to concurrent 5-year prison terms for each of the credit-card abuse offenses, and to a consecutive 50-year prison term for the burglary offense.

The Ninth Court of Appeals of Texas affirmed Carter's convictions and sentences in October 2010. *Carter v. State*, Nos. 09-09-00358-CR, 09-09-00372-CR, 2010 WL 4156443 (Tex. App.—Beaumont Oct. 20, 2010, no pet.). Carter received an extension of time, up to and including January 18, 2011, in which to petition the Texas Court of Criminal Appeals for discretionary review. *See Carter v. State*, Nos. PD-1576-10, PD-1577-10. Because the Court of Criminal Appeals did not receive Carter's petitions until March 2011, no action was taken.

In October 2015, Carter filed his first state habeas applications under Article 11.07 of the Texas Code of Criminal Procedure, challenging his convictions. *Ex parte Carter*, Application Nos. WR-85,060-01, WR-85,060-02. The Texas Court of Criminal Appeals denied the applications in June 2017. *Ex parte Carter*, 521 S.W.3d 344 (Tex. Crim. App. June 7, 2017). In November 2017, Carter filed two additional state writ applications, which were dismissed. *Ex parte Carter*, Application Nos. WR-85,060-03, WR-85,060-04.

Carter filed this federal petition in March 2018, arguing that he received ineffective assistance of trial counsel, who:

1.      failed to research applicable laws and procedures;

2.      erroneously advised Carter to plead guilty to two offenses arising out of the same criminal episode, which violated double jeopardy;

3.      failed to object to the assessment of a consecutive sentence; and

4.      failed to have the terms of Carter's plea agreement made part of the record.

(Docket Entry No. 1, at 6; Docket Entry No. 2).

The threshold issue is whether Carter filed his petition too late to permit consideration of his claims.

## II.    The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Carter is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Carter's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III. The One-Year Statute of Limitations

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C.
§ 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is removed,
>> if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by
>> the Supreme Court, if the right has been newly recognized by the Supreme Court
>> and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could
>> have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Carter challenges his state-court convictions, the limitations period began to run on

"the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Carter's convictions became final on

January 18, 2011, when his extension of time to file a petition for discretionary review expired. *See*

*Gonzales v. Thaler*, 565 U.S. 134, 154 (2012) (when a federal habeas petitioner does not appeal to

his state's highest court, his conviction becomes final when his time for seeking review with the

state's highest court expires); *Brown v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. 2011)

(unpublished) (when an extension to file a PDR has been granted, but no PDR filed, the date it was due is the date on which the petitioner could no longer seek further direct review). The limitations period expired one year later on January 18, 2012. Carter did not file his federal petition until March 7, 2018. A merits review of his grounds for relief is barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Carter's state habeas applications did not toll the limitations period because he filed the applications well after January 18, 2012, when the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state habeas application filed after the limitations period has expired has no tolling effect).

No other AEDPA provision applies to extend the limitations period. Carter does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims relies on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). None of Carter's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.*, § 2244(d)(1)(D).

Finally, Carter fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Carter or prevented him from filing within the deadline. Nor does the record support a conclusion that Carter was diligent in pursuing his rights. Carter let more than four years pass between the date his conviction became final and when he first sought to file a state habeas application. Carter fails to show that he diligently pursued his rights or that any extraordinary circumstance prevented him from timely filing his federal habeas petition.

The record discloses no other basis to extend the limitations period. Given Carter's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

IV. **Conclusion**

The respondent's motion for summary judgment, (Docket Entry No. 16), is granted. Carter's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as time-barred. All remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Carter stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on January 8, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge